**Morris FULLER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21729.**

United States Court of Appeals,
District of Columbia Circuit.

Argued June 30, 1970.

Decided July 31, 1970.

**534**

———◆———

Mrs. Jean F. Dwyer, Washington, D. C. (appointed by this court) for appellant.

Mr. Julius A. Johnson, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Nicholas S. Nunzio, Asst. U. S. Attys., were on the brief, for appellee. Mr. David G. Bress, U. S. Atty., at the time the record was filed, also entered an appearance for appellee.

Before McGOWAN, TAMM and MacKINNON, Circuit Judges.

PER CURIAM:

■ This appeal from a conviction for narcotics offenses (26 U.S.C. § 4704(a) and 21 U.S.C. § 174) by the District Court, sitting without a jury, turns upon the validity of a search of appellant which revealed his possession of sixty heroin capsules. That search took place while appellant was under lawful arrest for driving a car without a permit and without lights, and while he was under overnight detention after booking. As an independent ground of decision, the court ruled that the police under these circumstances were privileged to search the person of appellant for dangerous contraband articles even though an earlier pat-down for weapons

at the time of booking had elicited nothing. *See* Charles v. United States, 278 F.2d 386 (9th Cir. 1960). We find no error in this conclusion as applied to the facts found.[1]

■ Appellant had two prior felony convictions in the form of narcotics offenses, and received the mandatory minimum sentence of ten years. The sentencing transcript shows, however, that both defense counsel and court regarded appellant as ineligible, by reason of the two prior convictions, for consideration for disposition under Title II of the Narcotic Addict Rehabilitation Act. 18 U.S.C. §§ 4251–55. Although affirming the conviction, we vacate the sentence and remand to the District Court for re-sentencing in the light of our recent decision in Watson v. United States, No. 21,186, decided July 15, 1970.

It is so ordered.

---

1. It is argued that this second search was the fruit of an illegal search of the automobile which appellant was driving when arrested. The vehicle had been taken into the possession of the police, and the findings were that it was in the process of being made secure under police regulations, with no purpose on the part of the officer to search for criminal evidence, when there was encountered in open view certain non-narcotic drugs which made the officer think he had better take a closer look at appellant.

The court's findings and conclusions on this score are peculiarly within the scope of Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). Neither do we think the court was concluded on this point by a contrary ruling of General Sessions Court in the trial of the traffic offenses. The facts were not found differently so as to create a collateral estoppel. *Compare* Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1949).