**UNITED STATES of America**

**v.**

**Mortimer R. WHEELER, Appellant.**

**No. 24554.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 14, 1971.

Decided Feb. 22, 1972.

Mr. Matthew W. Black, Jr., Washington, D. C. (appointed by this court) for appellant.

Mr. John R. Dugan, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, John A. Terry and Stephen W. Grafman, Asst. U. S. Attys., were on the brief, for appellee.

Before ROBINSON and MacKINNON, Circuit Judges, and GOURLEY,* Senior District Judge for the Western District of Pennsylvania.

GOURLEY, Senior District Judge:

Appellant was indicted and convicted of narcotics offenses (26 U.S.C. § 4704(a) and 21 U.S.C. § 174) and for carrying a pistol without a license in violation of 22 D.C.Code § 3204. This appeal followed.

Appellant was initially arrested for driving without a proper permit and was advised of his rights. During a patdown at the scene of the arrest, five .38 caliber bullets were discovered. In response to a question regarding the presence of a gun, appellant indicated that it was under the front seat of the car; the police officer discovered a loaded .38 caliber revolver under the driver's seat. Heroin, contained in thirty-four capsules, was discovered only after appellant was taken into custody when an officer was trying to locate the ignition switch in order to drive the car to the impounding lot. The heroin was found in an unsealed brown envelope which the officer suspected, drawing from his experience, contained narcotics. This suspicion was correct.

There are three issues presented by this appeal: was the seizure of the pistol proper; was the seizure of the envelope and its contents proper; and was the

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1970).

appellant validly prosecuted under federal narcotics statutes? The answer in each instance must be in the affirmative.

 The scope of the search for the gun and its ultimate seizure were proper. The existence of the gun was freely admitted after a properly conducted pat-down of appellant's outer clothing revealed the bullets. Seizure of the gun was proper, as was its ultimate use as evidence at trial. Terry v. Ohio, 392 U. S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See also Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

We agree with the ruling of the trial judge that the seizure of the envelope and its contents was proper. The open envelope and its contents were seized while in plain view. Although the contents were concealed, the open envelope containing the heroin was in plain view when it was seized. There was probable cause for this seizure in view of the circumstances present here including the size and color of the envelope, its apparent bulk and location in the ashtray of the car, and as noted above, the officer's experience in having found narcotics in this type envelope on prior occasions. Harris v. United States of America, 370 F.2d 477 (D.C. Cir. 1966) and Fuller v. United States of America, 139 U.S.App.D.C. 375, 433 F. 2d 533 (1970).

The issue raised here regarding the validity of the prosecution under federal narcotics statutes is now under submission to this Court *en banc* in No. 71–1252, United States v. Moore. Wheeler contends very simply that his prosecution was improper because he was a narcotics addict. Our affirmance is without prejudice to any possible rights of the appellant which may arise from the Court's ultimate decision in *Moore*.

The judgment below is affirmed.