UNITED STATES of America, Plaintiff,

v.

Ronald Charles GERLACH, Defendant.

Crim. A. No. 47586.

United States District Court, E. D. Michigan, S. D.

Oct. 26, 1972.

Kenneth J. Haber, Detroit, Mich., for plaintiff.

Kenneth E. Rosen, Southfield, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case raises the question of the effect of a straightforward inventory search of an automobile as it was being impounded by the police.

The defendant has been charged with possession of counterfeit money. The arrest and indictment were a result of a search of defendant's car by local police officers who found the counterfeit bills and thereupon turned them over to the United States Secret Service. Defendant urges this court to rule the

search illegal and to suppress the evidence found in the car.

An evidential hearing disclosed the following facts.

Defendant had parked his car without permission, crosswise of the marked parking stalls, on a parking lot belonging to a small manufacturing company one evening while he and a companion went elsewhere in another vehicle. Defendant was arrested that night by the local authorities on a charge wholly unrelated to the federal charge now pending before this court and was held until late that day. He was unable to recover his car from the parking lot due to his confinement.

The next morning the employees of the company on whose property the car was illegally parked had trouble parking their own cars due to the small size of the lot and the manner in which the defendant's car was parked (being parked crosswise it took up four parking spaces). This upset the employees greatly and they made their grievance known to the management throughout the day.

In the afternoon the police were notified of the trespassing automobile and were requested to remove it; they arrived at the plant at approximately 4:45 p.m. While looking at the serial number of the vehicle through the windshield the officer saw the keys on the floor and finding the door unlocked he used the keys to drive the car to the police lot for the purpose of impounding the vehicle.

■ This action was in accordance with normal police procedure. The automobile was trespassing and interfering with the efficient operation of a place of business, and the police had been called by the owner of the property for the purpose of removing the automobile. The officer who impounded the car did not know that defendant had already been arrested. It was proper to impound the car under these circumstances.

The police then conducted an inventory search of the vehicle. Such a search involves starting at the trunk and making a list of all of the movables in the car. Those that for any reason are especially valuable are properly labelled and placed in the "Evidence Room" for storage. It was during the course of the making of the inventory of the car's contents that the counterfeit bills were discovered and then turned over to the Secret Service. During the same search a wallet was found under the front seat containing the identification of the defendant.

Having found that it was proper for the police to have impounded the vehicle, the only questions remaining are whether it was proper to conduct the aforementioned search without a warrant and whether evidence so obtained should be suppressed.

Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968), involved a car lawfully impounded. A police officer discovered incriminating evidence when he went to roll up the car windows when rain threatened. The court, though not addressing itself to the problem of inventory searches, held that evidence obtained while protecting property is admissible in court.

■ The purpose of conducting an inventory search is to protect the property from being lost or stolen, and to protect the city from charges of losing the property. In United States v. Mitchell, 9 Cir., 458 F.2d 960 (1972), the Ninth Circuit held that the safeguarding of property impounded is a desirable procedure. This case concerned only protecting articles found in plain view, but the court expressed the opinion that all inventory searches, such as the one conducted in the instant case, were desirable practices and that evidence derived therefrom should not be suppressed. (Citing United States v. Fuller, D.C., 277 F.Supp. 97, aff'd. 139 U.S.App.D.C. 375, 433 F.2d 533 [1970], in which the court stated that the search of a car for the purpose of protecting the property, such search revealing evidence of criminal activity, is within the bounds of United States v. Harris, supra, and the evidence should not be suppressed.)

The Fifth Circuit has stated in United States v. Pennington, 441 F.2d 249, cert.

denied 404 U.S. 854, 92 S.Ct. 97, 30 L.Ed.2d 94 (1971), that where it is shown that there is no scheme to avoid the requirements of a search warrant, an inventory search is a *reasonable* search, for it protects the owners of the property. The Fourth Amendment protects against *unreasonable* searches. Thus, the court held, evidence obtained through such a search is admissible in court.

■ An inventory search, properly conducted without intent of avoiding warrant requirements, is not an infringement on Fourth Amendment rights, nor should evidence obtained during the course of that search be suppressed.

■ In this case the counterfeit bills were found in a box in the trunk and the wallet was beneath the front seat. Because the keys were left in the vehicle, it was in the interest of the defendant and police to inventory all property in places that were open or could be opened through the use of the keys. No locks were forced. The record does not indicate that there were any efforts to examine the vehicle in any way different than the normal inventory search prescribed by regulation or in places not accessible except by force. The record shows that the search and subsequent inventory was reasonable to protect the property and the police from false charges, embezzlement or theft. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); United States v. Mitchell, 458 F.2d 960 (9th Cir. 1972).

■ In this case there was no scheme to avoid the necessity of obtaining a search warrant. The officer was called by the owner of the lot; the officer had no knowledge of defendant's arrest. He was merely following good police procedure in all of his actions. Accordingly, the evidence found during the conduct of the inventory search should not and will not be suppressed.

Motion denied.

So ordered.