**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Henry BROWN, Defendant-Appellant.**

**No. 72-2562.**

United States Court of Appeals, Ninth Circuit.

Dec. 11, 1972.

William E. Kuhn (argued), Seattle, Wash., for defendant-appellant.

Bruce D. Carter, Asst. U. S. Atty. (argued), Susan Barnes, Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and WEIGEL, District Judge.*

HAMLIN, Circuit Judge:

Appellant John Henry Brown was convicted by the court, sitting without a jury, of possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871. He was sentenced to imprisonment.

At a pretrial hearing, Brown moved to suppress the introduction into evidence of the unregistered weapon in question, a sawed-off shotgun, which was obtained by police officers from the vehicle Brown was driving after he had been stopped for a traffic offense. The District Court denied the motion, holding that the discovery of the weapon was the product of a permissible inspection for a vehicle registration certificate or, in the alternative, a reasonable search for the registration.

Brown appeals from the District Court's subsequent judgment of conviction, contending that the weapon was secured as the result of an illegal search and seizure.

We affirm, concluding that the police officers had a right to inspect the vehicle for the registration certificate, and that the introduction into evidence of the weapon, discovered in the exercise of this right of inspection, was proper under the "plain view" doctrine.

On April 2, 1972, Officer Kahlor of the Everett, Washington, Police Department stopped Brown's vehicle for making an illegal left-hand turn. Officer Kahlor, riding alone, radioed his position as he stopped.

Both Brown and Kahlor exited from their vehicles and met at mid-cars. Officer Kahlor advised Brown of the traffic offense, and asked to see his driver's license. Appellant replied he had none, but did state that his name was John Henry Brown. Officer Kahlor recognized the name, which apparently had achieved some notoriety among the local police as a "bad actor."

Officer Kahlor then noticed a can of chemical mace in Brown's jacket pocket,

---

* Honorable Stanley A. Weigel, United States District Judge, Northern District of California, sitting by designation.

possession of which is prohibited by state law, and he therefore secured Brown's person by a frisk search and placed him in the rear of the police vehicle.

The officer then asked Brown whether he had identification of the vehicle's ownership and whether the registration certificate was in the vehicle. (State law required both.) Brown replied that a girl who worked at a local bar was the owner, but shrugged his shoulders to the query regarding the vehicle registration.

Officer Kahlor radioed the police dispatcher for the vehicle registration, and testified that "[t]hey did give me the registration back, but I can't remember what was said."

A police back-up unit with Officers Chambers and Taylor arrived. Officer Kahlor, who testified that he routinely checked the vehicle registration in cases where the operator failed to produce a driver's license, asked Officer Chambers to check the vehicle for such registration "above the visor and around the steering column."

Officer Chambers started toward the vehicle, but was momentarily distracted and asked Officer Taylor to follow through. Taylor opened the vehicle's door, and before he had a chance to find anything, viewed a sawed-off shotgun lying conspicuously on the floor boards between the floor and the driver's seat.

Brown contends that the failure of the police officers to obtain a search warrant prior to their attempt to check the vehicle registration was violative of his Fourth Amendment rights.

We disagree. The police officers in' the instant case were faced with a situation in which Brown failed to produce a driver's license as required by state law,

responded vaguely to a question regarding the vehicle's ownership, failed to produce the vehicle registration as required by state law, and was found in the illegal possession of chemical mace. We conclude that these facts[1] were amply sufficient to establish a police right to inspect the vehicle for the limited purpose of ascertaining the vehicle registration.[2]

Having concluded that Officer Taylor was justified in opening the vehicle's door for purposes of an identification inspection, we next examine whether the weapon, which Taylor viewed upon opening the door, was properly admitted into evidence.

Brown urges that Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed.2d 685 (1969) requires us to reverse. Again, we disagree.

Chimel provided constitutional limitations for warrantless searches incident to valid arrests. Inasmuch as we examine the propriety of the weapon's evidentiary admissibility in light of the "plain view" doctrine, Chimel is inapposite.

This doctrine permits police officers, under certain circumstances, to seize without a warrant evidence falling within plain view. The "plain view" doctrine has been applied to the situation "where a police officer is not searching for evidence against the accused, but nonetheless inadvertently comes across an incriminating object. Harris v. United States, 390 U.S. 234, [88 S.Ct. 992, 19 L.Ed.2d 1067]; Frazier v. Cupp, 394 U.S. 731, [89 S.Ct. 1420, 22 L.Ed.2d 684]; Ker v. California, 374 U.S. at 43 [, 83 S.Ct. 1623, 10 L.Ed.2d 726]. Cf. Lewis v. United States, 385 U.S. 206 [, 87 S.Ct. 424, 17 L.Ed.2d 312]." Coolidge v. New Hampshire, 403 U.S. 443,

---

1. Appellant contends the fact that Officer Kahlor received registration information from the police dispatcher alleviated the need to look for same inside the vehicle.

Even assuming that Officer Kahlor received adequate information regarding the registration (his testimony as to just what information he received is unclear), we find that under the totality of circumstances, he was justified in double-checking the registration.

2. The right of the police to conduct warrantless inspections of automobiles for identification purposes, where legitimate reasons exist, has been recognized in situations involving impounded vehicles. See Cotton v. United States, 371 F.2d 385, 393 (9th Cir. 1967). Cf. United States v. Johnson, 413 F.2d 1396 (5th Cir. 1969), aff'd on rehearing en banc, 431 F.2d 441 (5th Cir. 1970).

466, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971).

A prerequisite, however, to justifying a warrantless search under the "plain view" doctrine in the above circumstance is that the officer must have had "a right to be in the position to have that view. . . ." Harris v. United States, *supra*, 390 U.S. at 236, 88 S.Ct. at 993.[3]

Having determined, *supra*, that Officer Taylor had a right to inspect the vehicle for the purposes of ascertaining the registration, we find this prerequisite satisfied.

Accordingly, the introduction into evidence of the weapon, which Officer Taylor saw in plain view from a position where he had a right to be, was permissible.

Judgment affirmed.

3. It is this necessity of prior justification which the Supreme Court addressed itself to in stating that "plain view *alone* is never enough to justify the warrantless seizure of evidence." *Coolidge, supra,* 403 U.S. at 468, 91 S.Ct. at 2039. Appellant's brief has quoted this statement out of context.