**UNITED STATES of America,
Plaintiff,**

**v.**

**Michael Louis YOUNG, Defendant.
Crim. A. No. 2423.**

United States District Court,
D. Delaware.
Jan. 16, 1974.

David B. Hooper, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Robert F. Stewart, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendant.

## OPINION

LAYTON, District Judge.

On August 29, 1973, Wilmington Police Sergeants Landon and Campbell saw the Defendant driving a car which matched the description of an automobile the F.B.I. had reported stolen. The officers stopped the Defendant, placed him under arrest, and removed him to their car. Sergeant Landon then re-turned to the allegedly stolen car where he, as he testified, saw some clothing, a baby bassinet and something that looked like a wallet protruding from underneath the front seat armrest. He has also testified that, because a potentially threatening crowd was gathering, the car was not searched but was immediately towed to the police yard.

At the station, Sergeant Campbell took the Defendant inside while Sergeant Landon stayed with the car. After a while, when no one had come to replace him in guarding the car, Sergeant Landon removed the keys and wallet and locked the car. Subsequently, he examined the wallet and found numerous apparently stolen identification and credit cards bearing the names of various individuals.

Defendant contends that these searches are unreasonable under the 4th and 14th Amendments. He moves to suppress the use of the wallet and its contents as evidence. He also contends that any statement made by him in response to questions concerning the wallet or its contents must likewise be suppressed.

The police officers were acting on information recently supplied to them by the F.B.I. and had clear probable cause to stop and arrest the Defendant and to seize the car. The question here is whether the search of the car and the seizure and subsequent search of the wallet were reasonable under the 4th Amendment.

Preliminarily, it should be observed that, insofar as concerns search and seizure, the Courts have long distinguished between an automobile and other areas such as homes, offices, etc. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L. Ed.2d 419 (1970).

■ As in *Cooper*, supra, this search, if indeed it was a search,[1] was of an im-

---

1. See, United States v. Mitchell, 458 F.2d 960 at 961 (9th Cir. 1972), where Judge Wright suggests that such conduct may not even be a search.

pounded car being held as evidence. There, the Supreme Court found that, "the reason for and nature of the custody may constitutionally justify the search" and held, "we cannot hold unreasonable under the Fourth Amendment the examination or search of a car validly held by officers for use as evidence in a forfeiture proceeding." 386 U.S. at 61, 62, 87 S.Ct. at 791. The Court finds that Sergeant Landon's search of the car and removal of the wallet falls within the type of search upheld in *Cooper* and finds it reasonable under the 4th Amendment.

■ However, regardless of whether this search was valid as a search of an automobile held as evidence of the crime of receiving a stolen motor vehicle (18 U.S.C. § 2313), Sergeant Landon's taking of the wallet was reasonable as a caretaking measure. The Supreme Court in Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968), has upheld as reasonable just such a caretaking search of a car which had been impounded. The evidence, a robbery victim's registration card, was in plain view.

". . . The precise and detailed findings of the District Court, accepted by the Court of Appeals, were to the effect that the discovery of the card was not the result of a search of the car, but of a measure taken to protect the car while it was in police custody. Nothing in the Fourth Amendment requires the police to obtain a warrant in these narrow circumstances.

"Once the door had lawfully been opened, the registration card, with the name of the robbery victim on it, was plainly visible. It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." 390 U.S. at 236, 88 S.Ct. at 993.

When locking the car and leaving it on the police lot, Sergeant Landon acted reasonably in removing the wallet which, it has been established, was in plain sight. United States v. Boyd, 436 F.2d 1203 (5th Cir. 1971); United States v. Mitchell, 458 F.2d 960 (9th Cir. 1972); United States v. Pennington, 441 F.2d 249 (5th Cir. 1971). See also, Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973).

■ Also, for two reasons, it is clear that the subsequent search of the wallet was reasonable. First, that search can be viewed as a continuation of the search of the car, where the wallet is treated as having no independent integrity. For example, in Fuller v. United States, 139 U.S.App.D.C. 375, 433 F.2d 533 (1970), the D. C. Circuit upheld the search of a car and an eyeglass case found partially protruding from beneath its front seat. Inside the case, the police discovered certain illegal drugs. Indeed, in *Cooper,* the Supreme Court upheld the search of a brown bag found in the glove compartment of the car. There, the police found heroin.

Second, the search of the wallet was reasonable as an inventory of the personal property of the Defendant. Sergeant Landry testified that this was his purpose. See, United States v. Lipscomb, 435 F.2d 795 (5th Cir. 1970); United States v. Gardner, 480 F.2d 929 (10th Cir. 1973); and United States v. Boyd, 436 F.2d 1203 (5th Cir. 1971). Such inventories are reasonable and necessary both to protect the property of the arrested person and to protect the police from charges that they have lost that property. This is especially important where, as here, they are holding a wallet which may contain both cash and credit cards.

Motion denied.