**UNITED STATES of America,**
Appellee,

v.

**Antonio R. SEDILLO, Appellant.**
No. 73–2215.

United States Court of Appeals,
Ninth Circuit.

April 23, 1974.

Michael T. Kenny, Asst. U. S. Atty. (argued), Eric A. Nobles, Asst. U. S. Atty., William D. Keller, U. S. Atty., Los Angeles, Cal., for appellee.

Alvin S. Michaelson (argued), Los Angeles, Cal., for appellant.

Before CHAMBERS, HUFSTEDLER and SNEED, Circuit Judges.

SNEED, Circuit Judge:

Appellant was walking up a freeway on-ramp when he was stopped by a police officer. In response to the officer's request, appellant was unable to produce identification but did indicate his name was Tony Sedillo. The officer then noticed in appellant's shirt pocket an envelope containing what appeared to be a Treasury check. The name "Mitsuri E. Nagaya" was clearly visible through the transparent window of the envelope. Without asking, the officer reached to pull the check from appellant's pocket. Appellant explained at this time that he had found the check in the street. After removing the check· from Sedillo's pocket and observing that it had been endorsed, the officer asked appellant to sign his name in a notebook. Based upon the similarity of handwriting, appellant was placed under arrest for forgery and given the *Miranda* warnings. Subsequent to the taking of a second handwriting exemplar, appellant gave a full confession.

Appellant first attacks the legality of the officer's initial "seizure" of the envelope. It has long been settled, however, that objects falling within "the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced into evidence." Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968). Although

general exploratory searches are not to be permitted, the plain view doctrine is properly applied to situations in which a police officer is not searcing for evidence against the accused but nevertheless inadvertently comes across an incriminating object. *See, e. g.*, Coolidge v. New Hampshire, 403 U.S. 443, 466, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); United States v. Brown, 470 F.2d 1120 (9th Cir., 1972). This is just such a case. Under the circumstances, the officer had probable cause to seize the check. *See* United States ´v. Wheeler, 148 U.S.App.D.C. 204, 459 F.2d 1228 (1972). While we recognize that it may have been more polite for the officer to request permission to examine the check, the failure to do so does not raise the issue to a level of constitutional dimensions. Not every breach of etiquette poses a constitutional issue. *Compare* United States v. Fisch, 474 F.2d 1071 (9th Cir.), cert. denied 412 U.S. 921, 93 S.Ct. 2742, 37 L.Ed.2d 148 (1973).

■ Appellant also suggests that the two handwriting exemplars were illegally obtained. Since we view the initial "seizure" of the check as proper, we reject the argument that the exemplars are the fruit of prior lawlessness. Nor did the taking of the handwriting samples violate appellant's rights under the Fourth or Fifth Amendments. *See* United States v. Mara, 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

Finally, appellant attacks the admissibility of his confession. Because we are holding that the officer acted properly in "seizing" the check, and because appellant was fully informed of his *Miranda* rights, we also reject this argument.

Affirmed.

HUFSTEDLER, Circuit Judge (dissenting):

Officer Haynes' seizure of the envelope from Sedillo's shirt pocket and his examination of the envelope's contents cannot be justified on the facts of this case by application of the plain view doctrine.

The majority opinion recognizes, as it must, that a police officer does not have the authority to seize and open anything he can see merely because he has a legal right to be in a place which provides a view of the object: "The police officer is not entitled to seize and search every person whom he sees on the street or of whom he makes inquiries. Before he places a hand on the person of a citizen in search of anything, he must have constitutionally adequate, reasonable grounds for doing so." (Sibron v. New York (1968) 392 U.S. 40, 64, 88 S.Ct. 1889, 1903, 20 L.Ed.2d 917.)

The plain view doctrine, as explained by Mr. Justice Stewart in Coolidge v. New Hampshire (1973) 403 U.S. 443, 466, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564,[1] and paraphrased by Judge Sneed in the majority opinion, requires not only that the police officer have a prior justification for his initial intrusion, but also that during the course of the justified, initial intrusion, the officer "came inadvertently across a piece of evidence incriminating the accused." Further, "the extension of the original justification is legitimate only where it is immediately apparent to the police that they have evidence before them." (*Id.*)

The difficulty in applying the plain view doctrine to the case at bench is that the incriminating check was not in plain view. All that the officer could see before he took the envelope from appellant's pocket was the name and address of a person who appeared to be the payee of a check. The check itself and the endorsement of it were not visible until the officer extracted the check from the envelope and examined both sides of it. The officer's view of the check was no greater than a postman's view of the contents of a bill, enclosed in a similar envelope, addressed to a house-

1. This section of Mr. Justice Stewart's opinion for the Court was concurred in by only three other Justices. However, the Ninth Circuit has adopted Justice Stewart's reasoning and language. (*E. g.*, United States v. Brown (9th Cir. 1972) 470 F.2d 1120, 1122–1123.)

holder. No view of the incriminating aspects of the check became plain until the search and the seizure had been concluded. Thus, it was not "immediately apparent" that the envelope and the check were "evidence incriminating the accused." (*See* United States v. Gray (6th Cir. 1973) 484 F.2d 352 (seizure of rifles in "plain view" impermissible because not "incriminating evidence" at time of seizure).)

Of course, if the object seen is itself contraband or if the officer has reasonable cause to believe that it is contraband, probable cause exists to seize it, assuming that the view was not initially obtained in violation of constitutional commands. (*E. g.,* United States v. Brown, *supra* note 1 (sawed-off shotgun); Porter v. United States (9th Cir. 1964) 335 F.2d 602 (sawed-off shotgun).) However, when the object is not contraband, no seizure is permissible without probable cause to believe that some crime has been committed and that the object seized is an instrumentality or fruit of the crime or evidence incriminating a suspect. *E. g.,* Warden v. Hayden (1967) 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782; Gilbert v. United States (9th Cir. 1966) 366 F.2d 923; Chapman v. United States (9th Cir. 1965) 346 F.2d 383.) [2]

Nothing in the record of this case supports a conclusion that Officer Haynes at the time of the seizure had probable cause to believe that the envelope seen in Sedillo's pocket was contraband, or that it contained contraband, or

that it was evidence relevant to a crime that Haynes had probable cause to believe had been committed.[3] Accordingly, the plain view doctrine cannot justify the seizure of the envelope and check.

Officer Haynes did approach Sedillo to question him about an apparent pedestrian violation. It is now well established that an officer without probable cause to arrest a suspect, whom he has properly detained for investigation and who he believes is armed and dangerous, may pat down the suspect to determine whether he is carrying a weapon. (Terry v. Ohio (1968) 392 U.S. 1, 24, 88 S. Ct. 1868, 20 L.Ed.2d 889.) But the officer may not conduct a seizure or search more extensive than is required to protect himself from a potentially armed suspect. (Sibron v. New York, *supra,* 392 U.S. at 65, 88 S.Ct. 1889; *see* United States v. Robinson (1973) 414 U.S. 218, 227–229, 94 S.Ct. 467, 38 L.Ed.2d 427.) No one contends in this case that Officer Haynes' seizure of the envelope from Sedillo's pocket or the examination of the envelope's contents was necessary to protect the officer's person. Therefore, the seizure of the envelope cannot be upheld on the basis of Terry v. Ohio. (*See* 392 U.S. at 25–26, 88 S.Ct. 1868.)

Furthermore, neither the search nor the seizure can be justified as incident to a lawful arrest. The district court expressly found that probable cause to arrest on the forgery charge did not exist until after Officer Haynes seized the envelope, examined its contents, and fur-

---

2. Harris v. United States (1968) 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067, which involved an inspection of an in-custody suspect's impounded car, is authority only for the proposition that clearly incriminating evidence which is in the plain view of an officer who has a right tc be in the position to have the view may be seized without a search warrant.

3. The majority's reliance on United States v. Wheeler (1972) 148 U.S.App.D.C. 204, 459 F.2d 1228, is misplaced. In *Wheeler,* the district court found that the officer had probable cause to believe that the envelope

contained contraband, based upon the officer's testimony that he had previously found narcotics in a similar envelope, similarly packaged and placed. The court of appeals upheld the district court's finding and conclusion. In the case at bench, there was no evidence that the officer believed or had any cause to believe that the envelope contained any evidence of a crime; the officer had had no comparable prior experience. The district court found that no probable cause emerged until after the envelope was seized, examined, and Sedillo was further interrogated. The record amply sustains the district court's finding and its conclusion.

**154**

ther interrogated Sedillo.[4]   A search and seizure, illegal at inception, cannot be justified by what it reveals.   (*E. g.*, United States v. Di Re (1948) 332 U.S. 581, 595, 68 S.Ct. 222, 92 L.Ed. 210; Byars v. United States (1927) 273 U.S. 28, 29, 47 S.Ct. 248, 71 L.Ed. 520.) "[A] search incident to a lawful arrest may not precede the arrest and serve as part of its justification."   (Sibron v. New York, *supra*, 392 U.S. at 67, 88 S. Ct. at 1905.)

Accordingly, this case is controlled by the rules of *Coolidge, Terry,* and *Sibron,* which compel suppression of the check, and by Wong Sun v. United States (1963) 371 U.S. 471, 83 S.Ct. 407, 9 L. Ed.2d 441, which requires that the exemplars and confession must likewise be suppressed as the fruits of an illegal search and seizure.

I would reverse.

4.  Officer Haynes did not intend to effect a custodial arrest for Sedillo's apparent pedestrian violation.   Rather, he intended only to issue a traffic citation.   Therefore, this violation cannot serve as a basis for a full search incident to arrest.   (*See* United States v. Robinson, *supra*, 414 U.S. at 235–236, 94 S.Ct. 467.