No. 73–6754. SEDILLO *v.* UNITED STATES. C. A. 9th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL concur, dissenting.

Petitioner was walking up a freeway on-ramp when he was stopped by an officer. Petitioner gave the officer his name but was unable to produce any identification. The officer noticed an envelope in petitioner's shirt pocket and saw through a window in the envelope that it was addressed to someone other than petitioner. He thought that the envelope contained a Treasury check, and he pulled it out of petitioner's pocket. The officer removed the check from the envelope and saw that it had been endorsed. Petitioner was arrested, and after further investigation was tried and convicted of forgery.

The Court of Appeals affirmed the conviction on the ground that the officer had probable cause to seize the check from petitioner's person and that the absence of a warrant is excused by the plain-view doctrine. 496 F. 2d 151, 152 (CA9 1974). Judge Hufstedler wrote a dissent in which she pointed out that the incriminating aspects of the item in petitioner's pocket simply were not in plain view. The check itself and in particular the endorsement were not visible until the envelope had been removed from petitioner's pocket and opened. "Nothing in the record of this case supports a conclusion that [the officer] at the time of the seizure had probable cause to believe that the envelope seen in Sedillo's pocket was

contraband, or that it contained contraband, or that it was evidence relevant to a crime that [the officer] had probable cause to believe had been committed. Accordingly, the plain-view doctrine cannot justify the seizure of the envelope and check." *Id.,* at 153 (footnote omitted).

In *Coolidge* v. *New Hampshire,* 403 U. S. 443, 466 (1971), the Court pointed out that the plain-view doctrine is applicable only "where it is immediately apparent to the police that they have evidence before them; the 'plain view' doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges." To use the plain-view rationale in this case is to ignore the limitations on that exception to the warrant requirement which are explained by *Coolidge.*

It appears to me that the conviction here results from police conduct which violated the Fourth Amendment. The plain-view doctrine is not applicable, and I do not see how any other exceptions to the warrant requirement would justify the conduct of the police.* I would therefore grant certiorari and set this case for argument.

---

*Obviously the search and seizure were not incident to arrest, since the arrest did not occur until after the envelope had been removed from petitioner's pocket and opened. I dissented in *Terry* v. *Ohio,* 392 U. S. 1 (1968), but even the majority position in that case would not justify the officer's conduct here. *Terry* permitted a "reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime." *Id.,* at 27. But that doctrine clearly has no applicability here. As Judge Hufstedler put it: "No one contends in this case that [the officer's] seizure of the envelope from Sedillo's pocket or the examination of the envelope's contents was necessary to protect the officer's person." 496 F. 2d 151, 153.