**UNITED STATES of America, Appellee,**

**v.**

**Michael Antonio ROSS, Appellant.**

**No. 75–1620.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 10, 1975.

Decided Nov. 11, 1975.

Certiorari Denied March 1, 1976.

See 96 S.Ct. 1414.

Peter D. Ward, Baltimore, Md. (Charles G. Bernstein, Baltimore, Md., on brief), for appellant.

William McC. Schildt, Asst. U. S. Atty. (Jervis S. Finney, U. S. Atty., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, BUTZNER, Circuit Judge, and WATKINS, Senior District Judge, sitting by designation.

PER CURIAM:

Having previously been convicted of a felony, Michael Antonio Ross was found

---

13. 21 U.S.C. § 841(b)(1)(A) requires a minimum six-year special parole term for second offenders.

guilty and sentenced in the District Court for subsequently possessing a .38 caliber Colt semi-automatic pistol and a .38 caliber revolver in violation of 18 U.S.C. §§ 1202(a)(1) App. and 2.[1] He appeals against the Court's refusal to suppress the use of the firearms in evidence against him at trial, contending that they were seized illegally. We find the contention untenable.

In the early afternoon of January 18, 1974, United States Treasury Agents and County Police, carrying a Federal warrant for the search of Ross' home at 7202 Hawthorne Street, Landover, Maryland, and for the seizure of a sawed-off shotgun and ammunition, knocked on his door. Although they saw him through the window, he failed to respond to their knocks and to their calls identifying themselves as such officers. Thereupon they forced their way into the house, and Ross met them in his pajamas. After receiving Miranda warnings and in reply to demands for the shotgun described in the warrant, he stated he had never had such a weapon. None was discovered in the hour and 45-minute search, but the two handguns now sought to be suppressed were discovered, the butt of one slightly protruding from under a pillow on a double bed and another lying concealed between the box spring and the mattress. Ross stated that they were not his but had been pawned with him to secure his loans to the owners. Both were turned over to the County Officers who suspected the guns had been stolen. Two days later the Colt revolver was traced through the Treasury Department's services and identified as stolen. The present prosecution for possession of firearms by a felon did not occur until months later when the prior felony conviction was discovered.

Admittedly the guns were not named in the warrant, but the search which led to them was clearly legal. Therefore, the question next arising is whether their seizure without a warrant was proper. The answer is to be found in an exception to the warrant requirement which is known as the "plain view" doctrine. Expounded in *Coolidge v. New Hampshire*, 403 U.S. 443, 465, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), it allows the seizure of "incriminating" articles not listed in the warrant but found inadvertently by the officers in executing a valid warrant. *United States v. Poms*, 484 F.2d 919, 922 (4 Cir. 1973). The final question, then, is whether the guns were "incriminating."

As already indicated, at the time of the seizure the officers did not know that Ross was a convicted felon, so his possession of guns was not by itself incriminating under the Federal statute cited to the indictment. However, under Article 27, Section 446, Annotated Code of Maryland, as the United States showed, it is "unlawful for any person to possess * * * any stolen pistol or revolver, knowing or having reasonable cause to believe same to have been stolen." The County Officers suspected Ross of knowingly possessing stolen guns.

For an object to be "incriminating" for constitutional purposes, the seizing authority need only have reasonable or probable cause to believe that the object is evidence of a crime. *U. S. v. Sedillo*, 496 F.2d 151 (9 Cir.), cert. denied, 419 U.S. 947, 95 S.Ct. 211, 42 L.Ed.2d 168 (1974); *U. S. v. Baca*, 480 F.2d 199, 202, 204 (10 Cir.), cert. denied, 414 U.S. 1008, 94 S.Ct. 370, 38 L.Ed.2d 246 (1973).

---

1. "Title 18

   Appendix

   § 1202. Receipt, possession, or transportation of firearms—

   Persons liable; penalties for violations

   (a) Any person who—

   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony,

   * * * * * *

   and who receives, possesses, . . . after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

The District Judge, after hearing the motion to suppress, found that there was reasonable cause for the officers' belief that the guns were stolen. No error is perceived in this finding.

Ross' explanation of his possession—that he held the guns as pledges for loans—was hardly convincing in the circumstances. To begin with, he at no time mentioned the names of the owners. The place in which each gun was kept was hardly consistent with its character as a pawn. If in truth the guns were pawns, there was no need to conceal them, especially to hide them in the bed. No more, it must be emphasized, is required of the officers' judgment than that it be reasonable on the appearances to them.

In sum, with the handguns lawfully taken, no ground appeared for excluding them from admission in evidence against Ross at his trial for violation of 18 U.S.C. §§ 1202(a)(1) App. and 2 after his prior conviction was established.

Affirmed.