# IN THE COURT OF APPEALS OF IOWA

No. 20-1462
Filed May 11, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DOMINICK MARCOTT,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Kevin Parker, District Associate Judge.

On interlocutory appeal, a defendant argues the district court should have granted his motion to suppress. **REVERSED AND REMANDED.**

Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, and Sonia Elossais, Law Student, for appellee.

Heard by Schumacher, P.J., Ahlers, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**SCHUMACHER, Presiding Judge.**

On interlocutory appeal, Dominick Marcott claims the district court should have granted his motion to suppress after an officer conducted a warrantless search of the glove compartment and center console of his vehicle, looking for evidence of Marcott's identity. The State claims the search was valid under the automobile exception to the warrant requirement. We determine the officer did not have probable cause to believe evidence of a crime was in the vehicle. We reverse the district court's decision denying the motion to suppress and remand for further proceedings.

**I.     Background Facts & Proceedings**

In this appeal, we are called on to determine the legality of a warrantless search following the refusal of the driver of a vehicle to identify himself.

Banner State Park, located in Warren County, is open to the public from 4:00 a.m. to 10:30 p.m. A sign posted near the entrance to the park informs the public of the hours the park may be used. In June 2020, Deputy Noah Smith of the Warren County Sheriff's Office drove through the park shortly before midnight to ensure the park was vacant. The deputy then parked his marked patrol car in the parking lot next to the park entrance to work on his computer.

At 11:56 p.m., a Chevrolet Impala drove to the back of the park. Deputy Smith followed to initiate a traffic stop because the driver was trespassing in the park at that time. The vehicle did not have license plates but had a temporary dealer's tag in the back window. The deputy requested identification and advised that once the driver identified himself, the driver and his passenger could "be on their way." The driver refused to provide his name, asserting he was not required

to give his name. The driver was asked around twenty-three times to identify himself and was also requested about twenty times to step out of the vehicle. The driver of the vehicle refused Deputy Smith's request to provide identification and also did not provide proof of insurance and proof of title.[1] The driver also refused to exit the vehicle.

Deputy Smith requested assistance from other officers, who, along with Deputy Smith, removed the driver from the vehicle. The driver was handcuffed and was eventually placed in the backseat of a squad car. The driver was told he was under arrest for "failure to identify." The officers examined the temporary tag and VIN for the vehicle but could not identify the driver. Deputy Smith looked in the glove compartment, which he stated was the "N[umber] 1 place that people keep any sort of ownership paperwork or insurance paperwork for vehicles." He did not find any evidence of identity of the driver, proof of insurance, or proof of title.

Deputy Smith then looked in the center console of the vehicle, stating, "Normally if people don't keep vehicle information in the glove box, it's in the center console." He stated, "The center console's also more of a place to find personal items such as a wallet that would contain IDs or anything to identify who's in the vehicle." While Deputy Smith did not locate any identifying information for the driver in the center console, he did locate a prescription pill bottle that did not appear to belong to the driver or his passenger. Deputy Smith also located a

---

[1] A passenger in the vehicle, whom the driver referred to as his wife, also refused to identify the driver.

baggie containing pills in the center console. Deputy Smith ceased his search at that time.

During the time the deputy was looking in the glove compartment and center console, the driver demonstrated a series of maneuvers in the back of the patrol vehicle while handcuffed, and at one point shouted, "Watch this. Here comes your criminal act." He also repeatedly called for Deputy Smith. After some passage of time, Deputy Smith went back to speak to the driver, who then almost immediately identified himself as "Dominick Ronald Marcott." Marcott then provided his social security number and date of birth. He also informed Deputy Smith that he had a warrant out of Minnesota and that his driving privileges in Iowa were barred. He told officers the title for the car was on the visor. The car title had not been properly filled out, and the bill of sale showed the temporary tag in the back window was out of date. He declined a request to search the vehicle.

Based on the discovered prescription pill bottle, Deputy Smith obtained a search warrant for the vehicle. The vehicle was taken to the sheriff's department and searched. Officers found methamphetamine, marijuana, and drug paraphernalia. Marcott was charged with possession of methamphetamine, third or subsequent offense as a habitual offender, in violation of Iowa Code section 124.401(5) (2020); possession of marijuana, third or subsequent offense, in violation of section 124.401(5); operating a motor vehicle while license is barred as a habitual offender, in violation of section 321.560; and unlawful possession of a prescription drug, in violation of section 155A.21.

Marcott moved to suppress,[2] claiming officers did not have probable cause to stop and search his vehicle.  He claimed officers should have obtained a search warrant before searching the center console of the vehicle.  The State resisted the motion on the ground the search was valid under the automobile exception.

At the suppression hearing, Deputy Smith testified the driver of the vehicle was trespassing by being in the park after hours and he needed to determine the driver's name in order to issue a citation.  He stated he was not looking for contraband when he looked in the center console but was looking for evidence of identification.[3]  He also testified that he had no reason to believe the vehicle was stolen.

The district court denied the motion to suppress.  The court determined, "The items found in the console of the defendant's car were found pursuant to the search incident to the defendant's arrest and due to exigent circumstances (vehicle ownership)."  Marcott filed a motion for an interlocutory appeal, which was granted by the Iowa Supreme Court.  The case was transferred to the Iowa Court of Appeals.

## II.     Standard of Review

When a motion to suppress is based on a constitutional challenge, we review the district court's ruling de novo.  *State v. Struve*, 956 N.W.2d 90, 95 (Iowa 2021).  We independently evaluate the evidence presented at the suppression

---

[2] Marcott also sought to suppress evidence of statements he made before he was informed of his *Miranda* rights.  The district court ruled that any statements made before Marcott was informed of his *Miranda* rights would be suppressed.  This issue has not been raised on appeal.

[3] A videotape from Deputy Smith's dashboard camera was admitted during the suppression hearing.

hearing. *State v. Vance*, 790 N.W.2d 775, 780 (Iowa 2010). "We give deference to the factual findings of the trial court but we are not bound by them." *Struve*, 956 N.W.2d at 95.

### III.    Motion to Suppress

The Fourth Amendment to the United States Constitution provides, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." Article I, section 8 of the Iowa Constitution similarly states, "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable seizures and searches shall not be violated . . . ." The purpose of both provisions is to protect people from unreasonable searches and seizures.[4] *State v. Baker*, 925 N.W.2d 602, 610 (Iowa 2019). "Warrantless searches and seizures are per se unreasonable unless they fall under one of the recognized exceptions to the warrant requirement." *Id.*

Exceptions to the warrant requirement include consent, plain view, search incident to arrest,[5] and exigent circumstances. *State v. Pickett*, 573 N.W.2d 245, 247 (Iowa 1997). Another recognized exception is for automobile searches. *State*

---

[4] Marcott has not raised separate arguments concerning the United States and Iowa constitutions. When a distinct analytical framework has not been raised under the Iowa constitution, we ordinarily apply the federal framework in considering a defendant's claims. *See State v. Short*, 851 N.W.2d 474, 491–92 (Iowa 2014).

[5] The district court cited search incident to arrest as one of the grounds for denying the motion to suppress. The State's brief resisting the motion to suppress relied on the automobile exception and during oral arguments, the State confirmed it was abandoning the search-incident-to-arrest exception. See *State v. Gaskins*, 866 N.W.2d 1 (Iowa 2015).

*v. McGee*, 959 N.W.2d 432, 445 (Iowa 2021). The automobile exception "is applicable when probable cause and exigent circumstances exist at the time the car is stopped by police." *State v. Storm*, 898 N.W.2d 140, 145 (Iowa 2017) (quoting *State v. Holderness*, 301 N.W.2d 733, 736 (Iowa 1981)). "The inherent mobility of motor vehicles satisfies the exigent-circumstances requirement." *Id.* Also, there is a "lower expectation of privacy in vehicles compared to homes and other structures." *Id.* "[U]nder the automobile exception, police still must have probable cause to search the vehicle. When probable cause is absent, evidence is rightfully suppressed." *Id.* at 155.

"The standard for probable cause is whether a person of reasonable prudence would believe a crime has been committed or that evidence of a crime might be located in the particular area to be searched." *State v. Kern*, 831 N.W.2d 149, 174 (Iowa 2013) (citation omitted); *see also State v. Maddox*, 670 N.W.2d 168, 171 (Iowa 2003) ("Even if police lack a valid warrant, they may search a vehicle if they have probable cause to believe a crime, or evidence thereof, may be found within it."). Probable cause to search a vehicle gives officers probable cause to search containers within the vehicle. *State v. Eubanks*, 355 N.W.2d 57, 60 (Iowa 1984); *State v. Swenson*, No. 17-1460, 2019 WL 141009, at *2 (Iowa Ct. App. Jan. 9, 2019); *see also State v. Davis*, 679 N.W.2d 651, 656 (Iowa 2004) (noting probable cause to search an area depends on whether there is a reasonable belief evidence of a crime might be located in the area searched).

On appeal, Marcott does not challenge the stop of his vehicle. He focuses on a claim that officers violated his constitutional rights by conducting a warrantless search of the vehicle, including the center console, without probable cause.

Marcott contends the automobile exception cannot be applied here because officers did not have probable cause to believe the vehicle contained contraband or evidence of criminal activity. Marcott asserts that the bottle of prescription pills found as a result of the search should be suppressed.

There is a lack of instructive Iowa authority on this issue. We note that at times other jurisdictions have determined the search of a glove compartment for evidence of identity or vehicle registration is valid under the automobile exception to the Fourth Amendment. *See, e.g.*, *United States v. Brown*, 470 F.2d 1120, 1122 (9th Cir. 1972) (finding officers "[were] justified in opening the vehicle's door for purposes of an identification inspection"); *United States v. Kelly*, 267 F. Supp. 2d 5, 14 (D.D.C. 2003) (finding that the search of a glove compartment to look for a driver's license and vehicle registration was valid under the Fourth Amendment). The search must be "limited to the places where a registration would usually be found—specifically the glove compartment of the vehicle." *Kelly*, 267 F. Supp. 2d at 14; *see also State v. Taras*, 504 P.2d 548, 552 (Ariz. Ct. App. 1972) (noting search was limited to places where evidence of identity could reasonable be found, like the glove compartment); *State v. Acosta*, 801 P.2d 489, 493 (Ariz. Ct. App. 1990) (finding that the search of a glove compartment was valid, while the search of the trunk was not valid). The area to be searched is limited because the purpose of the search is limited to finding evidence to establish the identity of a driver and ownership of a vehicle. *See Kelly*, 267 F. Supp. 2d at 13.

A valid search for evidence of a person's identity may relate to whether officers have reason to believe the person is untruthful about their identity. *See State v. Conn*, 99 P.3d 1108, 1110–11 (Kan. 2004) (finding that the defendant

gave a false name); *State v. Banks*, 797 P.2d 383, 384 (Or. Ct. App. 1990) (noting the name given by the defendant did not match the name on vehicle registration papers); *State v. Bauman*, 586 N.W.2d 416, 422 (Minn. Ct. App. 1998) (finding that there was probable cause to search for the defendant's driver's license because he gave false information to an officer). When a person gave their correct name but the officer believed it was a false name, the court determined a search for evidence of the person's identity was not valid under the automobile exception. *See State v. Soderman*, No. A12-0199, 2013 WL 216335, at *6 (Minn. Ct. App. Jan. 22, 2013).

Similarly, a search for registration papers may be valid under the automobile exception if officers reasonably believe the vehicle might be stolen. *See Taras*, 504 P.2d at 551 (finding defendant was in an area where there were often stolen or abandoned vehicles and the defendant stated there were no registration papers for the vehicle); *Acosta*, 801 P.2d at 490 (finding defendant had out-of-state registration papers in someone else's name, giving rise to a reasonable belief the vehicle was stolen). When there was no evidence the vehicle was stolen, a court determined there was not probable cause for a limited search for registration papers. *State v. Branham*, 952 P.2d 332, 333 (Ariz. Ct. App. 1997).

We find two Minnesota Court of Appeals cases addressing this issue. In *Bauman*, the defendant, Jon Bauman, was stopped for speeding. 586 N.W.2d at 418. Bauman stated he did not have his driver's license and identified himself as Mark Bauman. *Id.* An officer doubted Bauman's truthfulness and searched the vehicle for identification. *Id.* The officer found a wallet that contained Jon Bauman's driver's license. *Id.* In discussing the automobile exception, the court

stated, "In searching Bauman's vehicle, [the officer] believed Bauman's wallet and driver's license were in his car. He had probable cause to search for the driver's license as evidence that Bauman had provided false information to an officer." *Id.* at 422. The court also stated:

> We recognize that a driver's license, which reveals a person's identity, does not in itself bear many of the characteristics of exigent evidence. Although a person can alter his or her driver's license, the person still exists and his or her identity may be discovered. On the other hand, if the driver's license is in an automobile, its location may give it exigent characteristics.

*Id.* at 422–23. The court concluded, "[O]n the facts of this case the automobile exception should extend to a search for the driver's license to confirm the driver's identity." *Id.* at 423.

The issue was considered again by the Minnesota Court of Appeals in *Soderman*, where an officer was talking to a person when the driver of a vehicle, Jason Soderman, approached. 2013 WL 216335, at *1. Soderman gave the officer his driver's license, but the officer believed Soderman gave a false name. *Id.* The officer took a jacket out of the vehicle, believing the jacket might contain identification information. *Id.* at *2. The officer stated he was investigating the offense of giving false information to an officer. *Id.* The jacket contained methamphetamine, and Soderman was charged with possession of a controlled substance. *Id.* The court considered *Bauman*, 586 N.W.2d at 423, and distinguished the circumstances from that case:

> Here, Soderman had already been placed under arrest, and he was handcuffed in the back of the squad car. Soderman's identity could have been (and ultimately was) confirmed or disproved during the booking process. As noted by this court in *Bauman*, "a driver's license, which reveals a person's identity, does not in itself bear many of the characteristics of exigent evidence . . . . [T]he person

still exists and his or her identity may be discovered." [586 N.W.2d at 422]. And, as discussed above, there was no probable cause to arrest Soderman for providing false identification to a police officer. Because the non-exigent character of the evidence and lack of probable cause make the automobile exception inapplicable, we decline to affirm the district court on this alternate ground.

2013 WL 216335, at *6. The court found the search was not valid under the automobile exception. *Id.*

We determine the holding in *Soderman* is the most applicable to this case. *See id.* Like Soderman, Marcott was handcuffed and placed in the back of a squad car when the officer decided to look in Marcott's vehicle for evidence of his identity. *See id.* at *1. Marcott was informed he was under arrest for interference with official acts.[6] Marcott's identity could have been confirmed or denied during the booking process. *See id.* at *6. And there was not probable cause to believe evidence of a crime was in the vehicle. Marcott was not being investigated for giving false information or for having a stolen vehicle. No evidence of whether Marcott interfered with official acts or failed to give his driver's license, proof of insurance, or vehicle registration could be found in the vehicle because those actions had been completed before the search. And the search did not involve exigent circumstances. We conclude the automobile exception is not applicable under the facts of this case.

---

[6] There were also issues concerning whether Marcott was trespassing by driving in the park when it was not open to the public and driving while barred.

We reverse the district court's decision denying Marcott's motion to suppress evidence.  We remand the case for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**