IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
December 4, 2024 Session Heard at Clarksville[1]

**STATE OF TENNESSEE v. AMBREIA WASHINGTON**

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Madison County**
**No. 22-187   Roy B. Morgan, Jr., Judge**

---

**No. W2022-01201-SC-R11-CD**

---

DWIGHT E. TARWATER, J., concurring.

I fully join the majority's opinion upholding seizure of the handgun under the plain view doctrine. I write separately to further address the plain view doctrine's "immediately apparent" requirement that has caused confusion and consternation among both federal and state courts.

No sooner had the United States Supreme Court coined the phrase "immediately apparent" than it disputed the phrase's application. *See, e.g.*, *Sedillo v. United States*, 419 U.S. 947, 948 (1974) (Douglas, J., dissenting); *Crouch v. United States*, 454 U.S. 952, 954 (1981) (White, J., dissenting). Twelve years after deciding *Coolidge v. New Hampshire*, the Court lamented that "the use of the phrase 'immediately apparent' was very likely an unhappy choice of words." *Texas v. Brown*, 460 U.S. 730, 741 (1983) (referencing *Coolidge v. New Hampshire*, 403 U.S. 443, 466 (1971)).

Federal circuit courts followed with their own contradictions. As the majority notes, the Sixth Circuit had at one time stated that an item's incriminating nature must be "immediately apparent" "at the time of discovery," *United States v. Szymkowiak*, 727 F.2d 95, 98 (6th Cir. 1984), then later modified that finding, *see United States v. Garcia*, 496 F.3d 495, 510 (6th Cir. 2007) (citing *United States v. McLevain*, 310 F.3d 434, 441 (6th Cir. 2002)). And while the Sixth Circuit states that an item's incriminating nature is "immediately apparent" when "*no further investigation* is required to establish probable cause," *United States v. Mathis*, 738 F.3d 719, 732 (6th Cir. 2013) (emphasis added), another circuit finds that an item's incriminating nature is "immediately apparent" when established "without the benefit of information from any *unlawful search or seizure*,"

---

[1] Oral argument was heard in this case on the campus of Austin Peay State University as part of the S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

*United States v. Garces*, 133 F.3d 70, 75 (D.C. Cir. 1998) (emphasis added). *See also United States v. Gordon*, 741 F.3d 64, 71 (10th Cir. 2014) (characterizing as "without conducting some further search of the object" (quoting *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993))). What we can surmise from this is that the meaning of "immediately apparent" is not immediately apparent.

Moreover, Supreme Court precedent does not explicitly clarify whether an item's "immediately apparent" incriminating nature should be judged at the time of discovery or at the time of seizure. Yet the only sensical reading is that the incriminating nature of an item in plain view should be judged at the time of seizure, not at the time of discovery. *Cf. Garces*, 133 F.3d at 75. This is because up to the time of seizure, an officer implicates no Fourth Amendment right by merely viewing an item in plain view. *See Illinois v. Andreas*, 463 U.S. 765, 771 (1983); *Arizona v. Hicks*, 480 U.S. 321, 325 (1987). Here, the officer did not violate Washington's Fourth Amendment rights by viewing the handgun in plain view from outside the car. Washington had no privacy interest in the handgun in plain view, only a possessory interest. *See Horton v. California*, 496 U.S. 128, 133–34 (1990). His possessory interest was not interfered with until the officer seized the handgun. *See id.* at 134. And by the time the officer seized the handgun, he had probable cause that the handgun was contraband.

The troublesome wrench thrown into these facts is that the trial court found the officer obtained probable cause by a *Miranda* violation.[2] Tennessee citizens not only have a constitutional right to possess firearms, but a statutory right to carry those firearms in plain view in their vehicles. *See* Tenn. Const. art. I, § 26; Tenn. Code Ann. § 39-17-1307(e) (2018 & Supp. 2023). A citizen's exercise of these rights does not give officers license to violate *Miranda* rights. Yet the *Miranda* violation here is inconsequential under federal precedent, as information obtained from the violation may be used to establish probable cause to seize a firearm. *See United States v. Patane*, 542 U.S. 630, 642–44 (2004) (plurality opinion); *id.* at 645 (Kennedy, J., concurring); *cf. State v. Walton*, 41 S.W.3d 75, 92 (Tenn. 2001). Were there to be another path through this "immediately apparent" forest of intertwining Second, Fourth, and Fifth Amendment rights, it would have to be carved ultimately by the United States Supreme Court.

_____
DWIGHT E. TARWATER, JUSTICE

_____

[2] As the State did not appeal this finding, the majority assumes for its analysis that a *Miranda* violation occurred.