STATE OF HAWAII, Plaintiff-Appellant, *v.* LORETTA ALICE FAUVER, Defendant-Appellee

NO. 7401

MAY 6, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* In this case, the State of Hawaii appeals the trial court's granting of a motion to suppress marijuana on the ground that the warrantless entry of a home was justified by the "emergency" exception to the warrant requirement of the Fourth Amendment to the United States' Constitution and Article I, Section 5 of the Hawaii Constitution.

On October 24, 1978, at approximately 1:10 p.m., Miss Millie Castillo, an ambulance dispatcher for the Maui Memorial Hospital in Wailuku, Maui, received a telephonic request for an ambulance from a person identifying herself as "Sandy." Sandy told Miss Castillo to send an ambulance to the "Barn" in Five Corners, Peahi, Maui, to pick up a drug

overdose victim. Sandy also gave Miss Castillo the phone number of the Barn.

Miss Castillo dispatched an ambulance, but upon its arrival at the Barn, no one appeared to be at home. The ambulance crew radioed Miss Castillo who in turn called the telephone number left by Sandy. According to Miss Castillo, a woman answered the phone and stated that the victim and Sandy had already left; according to Appellee Fauver, she (Fauver) answered the phone and told Miss Castillo she did not know anything about a drug overdose victim. In either case, Miss Castillo was told that no overdose victim was in the house.

Miss Castillo radioed the information to the ambulance with instructions to leave the Barn and return to Maui Memorial Hospital. At approximately the same time, a police bulletin was issued over the police radio to Maui police officer Kanai informing him that because the ambulance was returning without a victim he was no longer under orders to proceed to the Barn. The Barn was known to Maui police as the site of past drug activity.

Vice Officer Sergeant Solomon Lee, Jr., overheard the radio report and phoned Miss Castillo. She explained to him the circumstances surrounding the ambulance's dispatch and return; she also told Officer Lee that the victim and Sandy had not yet arrived at the hospital.

After receiving this information, Officer Lee contacted three other police officers and proceeded to the Barn. At approximately 3:20 p.m., just before Officer Lee's arrival, he was informed by police radio that Sandy and the overdose victim had not arrived at Maui Memorial.

At 3:20 p.m., Appellee Fauver answered Officer Lee's knock at the door of the Barn. According to Officer Lee, the appellee said that a person she did not know by the name of Sandy had been given permission to make a phone call from the Barn by Mrs. Fauver's friends who were visiting at the time; the appellee also said that she had received a call from Miss Castillo and had told her that Sandy and the victim had left for the hospital. As stated by Officer Lee, Appellee Fauver's refusal to give the names of her friends made him

suspicious; consequently, he searched the Barn for the drug overdose victim and discovered marijuana in plain view on a counter.

According to Appellee Fauver, Officer Lee identified himself at the door and informed her that he wanted to search the house for a drug overdose victim for whom an ambulance had been called. She told him that she knew nothing about an overdose victim, that she had told Miss Castillo she knew nothing about a drug overdose victim or a person named Sandy, and that he could not enter her house to conduct a search. Whereupon, Officer Lee conducted the search.

It is now settled that any warrantless entrance of a private dwelling by the police can only be justified under the "exigent circumstances" exceptions to the warrant requirement of the Fourth Amendment. *Payton v. New York*, 48 U.S. L. W. 4375 (1980); *State v. Lloyd*, 61 Haw. 505, 606 P.2d 913 (1980). Thus, the police entry in this case can only be justified if Officer Lee reasonably believed that entry was necessary "to prevent imminent danger to life." *Lloyd, supra*, 61 Haw. at 512, 606 P.2d at 918. *See, also, Michigan v. Tyler*, 436 U.S. 499, 509 (1978); *Warden v. Hayden*, 387 U.S. 294, 298 (1967). Moreover, as noted by our Supreme Court in *Lloyd*, "the question of exigency is addressed to the fact finding function of the trial court, and its findings in that regard will not be set aside unless determined to be clearly erroneous." *Id.*, 61 Haw. at 512, 606 P.2d at 918.

The State of Hawaii contends that the warrantless entry of Officer Lee was justified by his reasonable belief that the Barn contained a drug overdose victim in need of immediate medical attention. In response, appellee contends, and this Court agrees, that by the time Officer Lee entered the Barn, the circumstances that originally might have supported a reasonable belief as to the existence of an imminent medical emergency, had changed. The officers did not arrive at the Barn until over two hours after the ambulance was requested; moreover they were informed by both Miss Castillo and appellee that the premises did not contain an overdose victim; and finally, Officer Lee did not hear or see anything at the scene to indicate that a threat to life was imminent.

Indeed, neither the Maui Police Department nor Miss Castillo perceived an emergency from the circumstances that caused Officer Lee to proceed to the Barn. Upon learning that the ambulance was returning to Wailuku without a victim, the Maui Police Department instructed Officer Kanai to terminate his trip to the Barn. Similarly, Miss Castillo did not communicate to the police a belief that an emergency continued to exist after the ambulance began its return trip to the hospital.

We see no exigent circumstances even if Officer Lee's testimony as to his conversation with appellee is accepted. Accordingly, the order below is affirmed.

*John E. Tam* for plaintiff-appellant.
*Renata Foster* for defendant-appellee.