## State of Vermont v. Richard A. Bevins

[439 A.2d 271]

No. 383-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed November 10, 1981

416

*David G. Miller,* Franklin County State's Attorney, and *Helen V. Torino,* Deputy State's Attorney (On the Brief), St. Albans, for Plaintiff.

*William B. Miller, Jr.,* of *Langrock Sperry Parker & Stahl,* Middlebury, for Defendant.

**Billings, J.** After a jury trial, the defendant was convicted of sexual assault. 13 V.S.A. § 3252(1)(A).

The defendant claims that the trial court erred in allowing the prosecution to impeach the defendant's credibility by introducing a prior conviction after the prosecutor violated two pretrial discovery orders to produce the defendant's criminal record before trial. The defendant also claims that the trial court erred in excluding, under 13 V.S.A. § 3255 (a)(3), evidence of the sexual conduct between the complaining witness and a person other than the defendant on the night of the sexual assault.

Prior to trial the defendant made a motion under V.R.Cr.P. 16(a)(2)(F) for disclosure of the defendant's criminal record. On July 21, 1980, the trial court ordered the state's attorney to disclose any such information within five days. At a pretrial conference held on August 26, 1980, the defendant advised the trial court that he had not been

provided with a copy of the requested criminal record. The trial court then ordered that the record be provided by August 29, 1980. The State again failed to comply with the order. Trial commenced on September 16, 1980. During voir dire the defense advised the jury that the defendant would testify. On the second day of trial the State indicated that it intended to use the defendant's prior conviction to impeach his credibility. The defense moved to bar this because of the State's failure to comply with the two discovery orders. The State opposed the motion on the grounds that the defendant was not prejudiced, as he must have been aware of his own criminal record, and because the defense counsel in the case at hand also represented the defendant at the time of the prior conviction. The defendant testified, and the court allowed the State to use the prior conviction for impeachment. The State claims that its failure to comply with the two trial court discovery orders was merely an unintentional oversight and not the gamesmanship we condemned in *State* v. *Connarn,* 138 Vt. 272, 273, 413 A.2d 812, 814 (1980).

Although we condemn the conduct of the State in the proceeding below, the standard for reversal on appeal is whether or not prejudice was shown. *Id.; State* v. *Evans,* 134 Vt. 189, 192, 353 A.2d 363, 365 (1976). Because the defendant and his attorney were both aware of his record, no prejudice resulted from the admission of the prior conviction, and therefore reversal is not warranted.

The defendant claims error in the exclusion of certain evidence. The defendant sought to introduce evidence concerning the behavior of the complaining witness inside a bar on the night of the alleged rape. The defendant had gone to the bar with his brother-in-law and another friend. The defendant sought to introduce testimony that the complaining witness had engaged in sexually provocative conduct with the defendant's brother-in-law, trying to induce him to have sexual intercourse with her. Defendant further offered to show that the defendant's brother-in-law publicly spurned these advances. The rape allegedly occurred about two hours later, just outside the bar. The defendant argues that these actions by the defendant's brother-in-law were a motive for the complaining witness to make a false accusation of rape against

the defendant, to retaliate against the brother-in-law for publicly spurning her advances.

The court refused to admit this testimony because of 13 V.S.A. § 3255(a)(3), the so-called rape shield statute. We need not construe 13 V.S.A. § 3255(a)(3), however, because the evidence was not relevant and thus was inadmissible even without regard to 13 V.S.A. § 3255(a)(3). *State* v. *Patnaude,* 140 Vt. 361, 370, 438 A.2d 402, 405 (1981).

 Relevant evidence is evidence with some probative value. It is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even though relevant, evidence is still not admissible if its probative value is outweighed by such considerations as "the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *State* v. *Gardner,* 139 Vt. 456, 459, 433 A.2d 249, 251 (1981); *Quazzo* v. *Quazzo,* 136 Vt. 107, 110, 386 A.2d 638, 640 (1978).

 It defies belief that a woman who has been publicly scorned and humiliated would retaliate by subsequently consenting to sexual intercourse with a third person, and then falsely accusing that person of rape. It makes absolutely no sense for the prosecuting witness to avenge herself against one person by claiming another person raped her. Evidence without probative value is irrelevant. The evidence was for this reason inadmissible as to motive.

 The evidence was also inadmissible as to consent. Defendant concedes in his brief that a "willingness" to have sexual relations with a particular person does not prove a concomitant desire to consent to such relations with another. *State* v. *Patnaude, supra,* 140 Vt. at 378, 438 A.2d at 410; *State* v. *Jackson,* 126 Vt. 250, 256, 227 A.2d 280, 284 (1967). He relies instead on the "pattern of similar conduct" theory which this Court found devoid of probative value in *State* v. *Patnaude, supra,* 140 Vt. at 378, 438 A.2d at 410. Thus the

defendant's proffered evidence was inadmissible as to either consent or false motive.

■ Even assuming that the evidence was relevant, however, it was still inadmissible because of its potentially prejudicial effect. As we noted in *Patnaude,* sexual conduct is unique among the varieties of conduct with which the law customarily deals.

> It raises very real possibilities that some jurors will find the conduct of a rape victim so alien to their own experience and morals, and so offensive, that they will be unable to comprehend how such a person could be raped. Similarly, the introduction of such evidence runs the risk of turning the trial from an impartial examination of the incident in question to an inflammatory and titillating inquiry into irrelevant pages of the victim's life, confusing the issues and misleading the jury.

*Id.* at 376, 438 A.2d at 408–09.

■ All of those dangers are present here. Furthermore, a close reading of the transcript in this case does nothing to dispel the fear expressed in *Patnaude,* that admitting evidence of sexual conduct between the prosecuting witness and third persons will only encourage friends of the defendant to fabricate incidents which never happened in an effort to ridicule the victim, prejudice the jury, and secure an unwarranted acquittal.

■ Given all of these factors, the evidence was legally inadmissible. Whether or not the claimed incident was "prior" sexual conduct within the meaning of 13 V.S.A. § 3255(a)(3), a point we do not decide, its exclusion was correct. Since the trial court reached the right result, the decision should be affirmed. *Id.* at 376, 438, A.2d at 409. *Gilwee* v. *Town of Barre,* 138 Vt. 109, 111, 412 A.2d 300, 301 (1980).

*Affirmed.*