STATE OF HAWAII, by WAYNE MINAMI, Attorney General, Plaintiff-Appellant, Cross-Appellee, *v.* DALE ANDREWS, LARRY SWAN, THE FELLOWSHIP OF CHRISTIAN PILGRIMS aka CHURCH OF THE PACIFIC, an incorporated association, Defendants-Appellees, Cross-Appellants

NO. 8095

(CIVIL NO. 6241)

SEPTEMBER 29, 1982

RICHARDSON, C.J., LUM, NAKAMURA, PADGETT, AND HAYASHI, JJ.

OPINION OF THE COURT BY PADGETT, J.

The State of Hawaii, as appellant, appeals from an order dismissing its complaint for a permanent injunction against the operation of an unlicensed school by appellees. The order was issued on the ground that the appellant had failed to establish either irreparable injury or lack of an adequate remedy at law. Appellees cross-appealed the lower court's holdings that (1) they were operating a school which is required to obtain a license under § 298-6, Hawaii Revised Statutes (HRS), and (2) that section does not deny their constitutionally guaranteed free exercise of religion. We reverse the order dismissing the complaint, affirm the findings cross-appealed from, and remand with directions to issue an injunction as prayed.

It is without dispute, in the record, that appellees operated a private school within the scope of that term as used in Chapter 298, HRS. Section 298-6, HRS, requires that such schools be licensed. Appellees have not applied for a license and are operating their school without one.

At least, insofar as licensing requirements are concerned, it is clear that § 603-23, HRS, gives the circuit courts power to issue an injunction where there is a continuing violation of the laws of the State. The public policy of this State, as expressed by the legislature in the section of the statutes cited, requires that private schools be licensed. The continuing operation of such a school without a license is *per se* an irreparable injury to the public policy of the State.

There is no requirement that in enforcing the licensing laws of the State, by way of injunction, the State establish that there is no adequate remedy at law. The order appealed from, therefore, was erroneous and must be reversed.

As to cross-appellants' contention that the licensing requirements of Chapter 298 infringe their religious liberty, we have searched the record in vain for any indication of how the requirement that they apply for a license before operating a school impinges

upon their religious tenets or beliefs. The testimony before the court below and the briefs filed on behalf of the cross-appellants, as well as the *amicus curiae,* do not tell us what the alleged infringement is. On oral argument, counsel for the appellees were repeatedly asked to point out how applying for a license violated their clients' religious beliefs and they simply did not answer the questions.

Appellees have cited the decision of the United States Supreme Court in *Wisconsin v. Yoder,* 406 U.S. 205, 92 S. Ct. 1526, 32 L. Ed.2d 15 (1972), as support for their position. The decision in *Yoder* recognizes the obvious fact that it is possible for a state's interest in the education of the children of the state and the religious beliefs of the children and their parents to come into conflict. According to *Yoder,* in such a situation, to determine whether there exists an unconstitutional infringement of the freedom of religion, it would be necessary to examine whether or not the activity interfered with by the state was motivated by and rooted in a legitimate and sincerely held religious belief, whether or not the parties' free exercise of religion had been burdened by the regulation, the extent or impact of the regulation on the parties' religious practices, and whether or not the state had a compelling interest in the regulation which justified such a burden.

There is nothing in the record here to indicate that appellees' resistance to the very application for a license to operate a private school is motivated by and rooted in a legitimate and sincerely held religious belief.[1] There is nothing to indicate that the requirement that a private school apply for a license burdens the appellees' free exercise of their religion. Certainly, the State has a compelling interest in seeing that private schools are licensed. *Yoder* is simply not apposite to this case.

Appellees complain of Regulation 44 by which the Department of Education attempts to administer § 298-6, HRS. Had appellees applied for a license and been denied such a license by virtue of some provision of that regulation, which they contended conflicted with their religious beliefs, we could apply the *Yoder* analysis to that situation and determine if an unconstitutional infringement had

---

[1] Needless to say, appellees' expressed position that the licensing statute is unconstitutional is a legal opinion, not a religious belief.

occurred. That is not our case.[2]

Appellees' briefs contain an assertion that the church and school are one and the same. Yet, it is obvious that while all the teaching in the school may be based upon the Bible, the school does teach subjects such as spelling, arithmetic, etc., in the quality of which the State has a compelling interest.[3]

We hold that the State's licensing law requirement for private schools does not infringe appellees' freedom of religion and consequently, affirm the findings and conclusions which are the bases of the cross-appeal.

Reversed and remanded for entry of an injunction.

*Jean Chiogioji (Russell S. Kato* on the briefs), Deputy Attorney General, for State of Hawaii.

*Max D. Crittenden (Gary M. Pakele* with him on the opening brief, *Crittenden & Love* of counsel) and *Fred Paul Benco,* for appellees Dale Andrews, et al.

*Thomas A. Rulon* on the amicus curiae brief for Koolau Baptist Church, et al.

---

[2] For all we know, if appellees make application for a license, the Department of Education, based on the regulation, may very well grant the same. Certainly, if appellees' evidence before the court below is correct and factual, that appears likely. That, however, is an issue which will have to be decided in another case. It is not before us.

[3] It is interesting to note in the record, that while appellees refuse to apply for a school license, their religious tenets did not prevent them from incorporating their church pursuant to the laws of the State of Hawaii.