STATE OF HAWAII, Plaintiff-Appellee, *v.* CHUCK ANDREW BLAKE, Defendant-Appellant

NO. 9424

(REPORT NOS. B-89323 & B-92053)

JANUARY 31, 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

In appealing his conviction on two charges of knowingly possessing marijuana in violation of Hawaii Revised Statutes (HRS) § 712-1249 (1976),[1] defendant Chuck Andrew Blake (Defendant) raises a constitutional issue. He contends that the application of HRS § 712-1249 results in an unconstitutional deprivation of his right to the free exercise of a religion[2] known as Hindu Tantrism. We disagree and affirm.

The following facts are not in dispute. On April 15, 1983, a police officer observed six persons, including Defendant, sitting at the extreme end of Lincoln Park in Hilo, Hawaii. He saw five of them drinking from the same bottle of beer and smoking the same

---

[1] HRS § 712-1249 (1976) reads:
Promoting a detrimental drug in the third degree. (1) A person commits the offense of promoting a detrimental drug in the third degree if he knowingly possesses any marijuana or any Schedule V substance in any amount.
(2) Promoting a detrimental drug in the third degree is a petty misdemeanor.

[2] The First Amendment of the United States Constitution provides in pertinent part, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof," and the Fourteenth Amendment makes this immunity binding on the states. *See Wisconsin v. Yoder,* 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); *Cantwell v. Connecticut,* 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940).
Article I, section 4 of the Hawaii Constitution (Supp. 1984) reads in relevant part:
No law shall be enacted respecting an establishment of religion, or prohibiting the free exercise thereof[.]

cigarette which subsequently was determined to be marijuana. Defendant was arrested and charged with violation of HRS § 712-1249.

On June 13, 1983, Defendant moved to dismiss the complaint on the constitutional grounds stated above.[3] A hearing on the motion was noticed for June 27, 1983.

On June 26, 1983, Defendant was arrested again at Lincoln Park pavilion for possessing a marijuana cigarette.

On June 27, 1983, Defendant was arraigned on the June 26 offense and pleaded not guilty. The cases were consolidated and the hearing on the motion proceeded.

On August 4, 1983, the district court filed its decision (Decision) denying the motion. On the same day, based on the "Stipulation of Facts for Trial," Record at 315, the district court found Defendant guilty of the charges and imposed its sentences.[4] Defendant's appeal followed.

## I. THE ANDREWS TEST

Where a constitutional challenge on the First Amendment religion grounds is made, we apply the following test:

[T]o determine whether there exists an unconstitutional infringement of the freedom of religion, it would be necessary to examine whether or not the activity interfered with by the state was motivated by and rooted in a legitimate and sincerely held religious belief, whether or not the parties' free exercise of religion had been burdened by the regulation, the extent or impact of the regulation on the parties' religious practices, and whether or not the state had a compelling interest in the regulation which justified such a burden.

*State v. Andrews,* 65 Haw. 289, 291, 651 P.2d 473, 474 (1982).

---

[3] The pleading was entitled "Notice of Intention to Rely on Defense of Freedom of Religion." However, in its body Defendant stated that it was a "Motion," Record at 26, and the district court and the parties treated it as a motion to dismiss the complaint.

[4] The judgments were filed on August 5, 1983.

## II. THE DISTRICT COURT'S FINDINGS

The district court applied the *Andrews* test and in its Decision made the following findings.

First, it accepted "for purposes of its decision that Hindu Tantrism is an accepted religion and that the Defendant is sincere in his religious beliefs." Record at 308-09.

Next, after weighing the conflicting evidence presented by Defendant, the court found that "the role of marijuana in Hindu Tantrism is in fact optional, and that followers of Hindu Tantrism can freely practice their religion without marijuana." Record at 309. The court therefore concluded that "the Hawaii Statutes prohibiting marijuana place no burden on the exercise by Defendant of his religion." Record at 309-10.

Finally, the district court concluded that assuming *arguendo* that the statute imposes a burden on Defendant's religious practice, "the State does have an interest in prohibiting marijuana of sufficient magnitude to override the Defendant's claimed religious interest." Record at 310.

Defendant asserts that the district court erred (1) in failing to find that Defendant's use of marijuana was essential to the practice of his religion and (2) in finding that the state's interest in criminalizing the use of marijuana was compelling. We disagree.

## III. THE STANDARD OF REVIEW

Appellate review of factual determinations made by the trial court deciding pretrial motions in a criminal case is governed by the "clearly erroneous" standard. *See State v. Lloyd,* 61 Haw. 505, 606 P.2d 913 (1980) (exigent circumstances allowing search without warrant); *State v. Patterson,* 58 Haw. 462, 571 P.2d 745 (1977) (voluntariness of consent search); *State v. Fauver,* 1 Haw. App. 3, 612 P.2d 119 (1980) (exigent circumstances). *See also State v. Yoon,* 66 Haw. 342, 662 P.2d 1112 (1983) (scope of plea agreement); *State v. Tuua,* 3 Haw. App. 287, 649 P.2d 1180 (1982) (suggestiveness in pre-trial identification procedure). In fact, Professor Wright states:

> On findings by the court on issues other than the ultimate issue of guilt, there is a general agreement that the "clearly errone-

ous" test should be applied and that it has the same meaning in criminal cases as it has in civil cases.

2 C. Wright, Federal Practice and Procedure: *Criminal 2d*, § 374 at 315-16 (1982).

Accordingly, we apply the "clearly erroneous" standard in reviewing the district court's findings.

## IV. THE APPELLATE REVIEW

### A. *Legitimacy of the Religion and Sincerity of Belief*

The district court made no specific findings whether Hindu Tantrism is a bona fide religion within the meaning of the First Amendment and whether Defendant sincerely believed in its doctrines. Instead, it assumed for purposes of its decision that Hindu Tantrism is an "accepted religion" and Defendant was "sincere in his religious beliefs."[5]

Since an appellate court is generally without authority to make findings, we accept the district court's assumptions and proceed with the review.

### B. *Burden on Religious Practice*

The district court expressly found that "the role of marijuana in Hindu Tantrism is in fact optional," that marijuana has merely a "peripheral role ... in Hindu Tantrism," and that "followers of Hindu Tantrism can freely practice their religion without marijuana." Record at 309. Based on our review of the record, we hold that those findings are not clearly erroneous.

---

[5] Where the defense of freedom of religion is interposed to a marijuana charge, it is not uncommon for the court to assume that the alleged religion is bona fide and the defendant sincerely subscribes to its doctrines. *See United States v. Middleton*, 690 F.2d 820 (11th Cir. 1982) (assumed that the Ethiopian Zion Coptic Church is a religion protected by the First Amendment); *Whyte v. United States*, 471 A.2d 1018 (D.C. 1984) (assumed that Twelve Tribes of Israel is a bona fide religion and the defendant subscribed to its doctrines); *State v. Rocheleau*, 142 Vt. 61, 451 A.2d 1144 (1982) (assumed that Tantric Buddhism is a genuine religion and the defendant subscribed to its doctrines).

The only evidence presented at the hearing on the motion to dismiss were Defendant's testimony and documentary exhibits consisting mainly of conveniently selected excerpts from various books on religion, yoga, and marijuana.[6] Neither Defendant nor the prosecution called any expert witness knowledgeable in Hinduism.

The evidence presented by Defendant may be summarized as follows: The Hindu Trinity consists of Brahma the Creator, Siva or Shiva the Destroyer, and Vishnu the Preserver. The worship of Siva's spouse or consort is known as Saktism or Shaktism. The Tantras are the scriptures which were divided into three groups according to the deity — Vishnu, Siva, or Sakti — chosen for worship. Since the group devoted to Sakti was most popular, Tantra came to mean the Sakti group. Thus, Hindu Tantrism is equated with Saktism.

A portion of the Hindu Tantras deals with a practice known as *kundalini* (serpent power) yoga which is based on the belief that unmanifested divine energy remains within a person like a coiled serpent at the base of the spine. Through certain prescribed exercises such as meditation, chanting of *mantras,* and prayer, the *kundalini* or divine energy rises through six centers of consciousness until it reaches the seventh located in the brain where a mystic union with the Supreme Lord occurs. A devotee then attains transcendental consciousness or *samadhi.* Defendant testified that in practicing *kundalini* yoga to release this divine energy the use of marijuana is essential.

After weighing the evidence, the district court found that "Defendant's testimony is entitled to less weight than the authorities[7] he cites, given his obvious bias and the limited duration of his exposure to Hindu Tantrism." Record at 309. In the exhibits the only reference to the use of marijuana in conjunction with Tantric practices appears in J. Hewitt, *The Complete Yoga Book* at 508 (Schocken Books 1978). The author writes, "Aphrodisiacs and

---

[6] The books included, for example, Prabhavananda, *The Spiritual Heritage of India* (Doubleday 1963); J. Noss, *Man's Religions* (Macmillan 1974); J. Hewitt, *The Complete Yoga Book* (Schocken Books 1978); M. Eliade, *Patanjali and Yoga* (Schocken Books 1975); E. Abel, *Marihuana: The First Twelve Thousand Years* (Plenum Press 1980).

[7] We do not believe that all the exhibits Defendant relied on were "authorities."

 

drugs (mainly *bhang* or *ganjam,* types of cannabis) may be taken."
*Id.* The district court referred to this passage in support of its
finding that the role of marijuana in Hindu Tantrism was optional.

Defendant protests, however, that the passage the district court
relied on involved the Tantric "ritual of the Five M's" and not
*kundalini* yoga. But Defendant's exhibits do not support his self-
serving testimony that the use of marijuana is essential in *kundalini*
yoga. Quoting E. Abel, *Marihuana: The First Twelve Thousand Years*
at 17, 20 (Plenum Press 1980), Defendant states that Siva is "the
Lord of Bhang"[8] and "the devotee who partakes of bhang partakes
of the god Siva," and argues that his use of marijuana "is consistent
with the Tantrist's heritage." However, this is merely a quotation
from a book on marijuana, not on the contemporary practice of
Hindu Tantrism. Moreover, we observe, as indicated above, that
Hindu Tantrism involves the worship of Sakti and not Siva. The
quotation from such source is insufficient to support Defendant's
claim.

Clearly, the district court did not believe Defendant's testimony
that the use of marijuana is an essential part of his religion —
Hindu Tantrism.[9] It is for the trier of facts — the district court in
this case — to judge the credibility of the witness, weigh the evi-
dence, and draw factual inferences therefrom. *See State v. Patterson,*
*supra.*

Since Blake claimed that the use of marijuana is a religious
practice, he had to establish "that such practice is an *integral part of a*
*religious faith* and that the prohibition of [marijuana] results in a
*virtual inhibition of the religion or the practice of the faith." People v.*
*Mullins,* 50 Cal. App. 3d 61, 70, 123 Cal. Rptr. 201, 207 (1975)
(emphasis added). This, he failed to do.

Defendant's reliance on *People v. Woody,* 61 Cal. 2d 716, 40 Cal.
Rptr. 69, 394 P.2d 813 (1964), is misplaced. In *Woody,* a proscribed
drug, peyote, was used in the performance of a religious ceremony

---

[8] "Bhang does not always refer to the [marijuana] plant itself but rather to a mild
liquid refreshment made with its leaves[.]" E. Abel, *supra* at 17.

[9] The fact that Defendant smoked a marijuana cigarette with others who were
not of the Hindu Tantrism faith in a public park at the time of the first offense and
later possessed a marijuana cigarette with five other non-Hindu Tantrists in a public
park pavilion reduced his credibility on the factual issue in question.

of the Native American Church of the State of California in an Indian hogan and peyote constituted in itself an object of worship. *See also State v. Whittingham,* 19 Ariz. App. 27, 504 P.2d 950 (1973). Here, the finding was that the use of the proscribed drug, marijuana, was not an intrinsic or essential part of Hindu Tantrism, and Defendant's use of it based on his personal belief will not accord him the First Amendment protection. *See People v. Mullins, supra; People v. Werber,* 19 Cal. App. 3d 598, 97 Cal. Rptr. 150 (1971); *State v. Randall,* 540 S.W.2d 156 (Mo. App. 1976); *State v. Brashear,* 92 N.M. 622, 593 P.2d 63 (1979); *People v. Crawford,* 69 Misc. 2d 500, 328 N.Y.S.2d 747 (1972).

We hold that the challenged findings of the district court are not clearly erroneous and we are not left with a firm conviction that a mistake has been made. *See State v. Yoon, supra.* Therefore, the district court properly concluded that HRS § 712-1249 did not burden the free exercise of Hindu Tantrism by Defendant.

### C. *State's Compelling Interest*

The district court proceeded to find and conclude that the State had a compelling interest in proscribing the possession and use of marijuana which overrides Defendant's claimed religious interest. However, since the State's proscription of marijuana did not burden the free exercise of Hindu Tantrism by Defendant, an analysis and discussion of the compelling interest issue is unnecessary.

### V. CONCLUSION

Accordingly, we conclude that Defendant has not been deprived of his constitutional right to the free exercise of his religion.

Affirmed.

*Francis P. Akamine,* Deputy Public Defender, for defendant-appellant.

*Gerald Takase,* Deputy Prosecuting Attorney, for plaintiff-appellee.