## State of Vermont v. Lennie J. Bushey

[513 A.2d 1177]

No. 82-143

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed May 23, 1986

*Dena Monahan* and *Robert Andres*, Chittenden County Deputy State's Attorneys, and *Jim Moran*, Law Clerk (On the Brief), Burlington, for Plaintiff-Appellee.

*Sessions, Keiner & Dumont*, Addison County Public Defender, Middlebury, *David W. Curtis*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Peck, J.** Defendant appeals his conviction for simple assault following a trial by jury in the district court. We affirm.

On January 1, 1981, defendant, armed with a borrowed handgun, went to the home of his girlfriend, Holly Campbell. Defendant was upset because she had refused to see him; he feared their relationship was ending. Defendant found only Mr. and Mrs. Campbell, her parents, and her younger sister at home. After defendant forced his way into the house, a two-hour drama ensued during which the pistol was fired three times but no one was shot; however, Mr. Campbell suffered an eye injury in a struggle for control of the pistol.

Defendant was charged with kidnapping and aggravated assault; the aggravated assault charge was reduced to simple assault. After a jury trial defendant was found not guilty on two counts of kidnapping and guilty on a single count of simple assault.

## I.

First we consider a series of claims made by defendant regarding the court-ordered psychiatric evaluation. Defendant argues that the court erred when it: (1) ordered the defendant to submit to a psychiatric evaluation, threatening both defense counsel and the defendant with imprisonment for contempt if they failed to comply; and (2) allowed the State to read the entire psychiatric report. Defendant claims the court thereby violated the provisions of 13 V.S.A. § 4816 and violated defendant's privilege against compelled self-incrimination guaranteed by the Fifth Amendment to the United States Constitution.[1] Further, defendant claims that the judge's threat to impose contempt sanctions, in its effort to force defendant to submit to the evaluation, offends due process as guaranteed by the Fourteenth Amendment. Finally, the defendant argues the court exceeded its power under Vermont discovery rules by threatening defendant and his counsel with contempt.

---

[1] Although the defendant mentions Article 10, Chapter I of the Vermont Constitution, he presented no arguments or authority in support of his claim. Because of this and because the case was argued before our decision in *State* v. *Jewett*, 146 Vt. 221, 500 A.2d 233 (1985), we do not address this issue under the Vermont Constitution.

At arraignment, the court directed defendant to submit to a psychiatric examination as to his competency to stand trial and his sanity at the time of the alleged offense pursuant to 13 V.S.A. § 4814. The defendant had not yet given notice of an intent to plead insanity.

Defendant filed a motion for a protective order asking that the court prohibit the examining psychiatrist from disclosing any details or summary of, or facts from, any conversation with defendant during the psychiatric interview. The court denied his motion. Without success defendant renewed his motion. In denying the renewed motion for a protective order, the trial court threatened both defendant and his counsel with contempt should defendant continue to refuse to comply with the order. Thereafter, defendant gave notice of his intent to raise an insanity defense and agreed to comply with the court order. The defendant was subsequently interviewed by the psychiatrist on two occasions with his attorney present.

■ The defendant argues that 13 V.S.A. § 4816 was violated when the court ordered him to submit to an examination of his sanity before he had raised insanity as a defense, when the details of the exam would be provided to the State. Under 13 V.S.A. § 4814(a)(3), if the court believes there is doubt as to defendant's sanity, it has the authority to order a sanity examination of defendant regardless of whether the defendant has raised an insanity defense. The question is whether the entire report may be released to the state's attorney when the defendant has not raised an insanity defense.

■ 13 V.S.A. § 4816(b) does not differentiate between a court-ordered examination and one requested by the defendant; it simply provides that the psychiatrist's report shall be transmitted to the court, the state's attorney and the defendant's attorney. However, § 4816(c) provides:

> No statement made in the course of the examination by the person examined, *whether or not he has consented to the examination,* shall be admitted as evidence in any criminal proceeding for the purpose of proving the commission of a criminal offense or for the purpose of impeaching testimony of the person examined.

(Emphasis added.) This statute contemplates that the report of a court-compelled sanity examination be sent to the State. There-

fore, releasing the report to the State is not a violation of the statute.

We next address his compelled participation in the examination. The judge ordered the defendant to attend the examination and threatened both the defendant and counsel with unlimited imprisonment for contempt if the defendant refused to attend. In court earlier, the judge stated, "I'm ordering him to participate in that evaluation, and if you or anyone else defies that order, you'll be in contempt of court. That's punishable by imprisonment and there's no limit." The defendant argues that this order violated his Fifth Amendment rights.

■ The Fifth Amendment privilege against self-incrimination applies in compelled pretrial psychiatric examinations. *Estelle* v. *Smith*, 451 U.S. 454, 467 (1981); *State* v. *Miner*, 128 Vt. 55, 70-71, 258 A.2d 815, 824 (1969). In this case, however, the defendant does not allege that his statements or "the substance of his disclosures during the pretrial psychiatric examinations" were admitted at trial. *Estelle, supra*, 451 U.S. at 465. Nor does he argue that the State introduced any other evidence which it discovered solely as the result of the defendant's statements to the psychiatrist. See *Blaisdell* v. *Commonwealth*, 372 Mass. 753, 762, 364 N.E.2d 191, 198 (1977); *Kastigar* v. *United States*, 406 U.S. 441, 460 (1972). Because defendant demonstrates no prejudice we need not consider whether the protections in 13 V.S.A. § 4816(c) are co-extensive with the Fifth Amendment. See *Blaisdell, supra*, 372 Mass. at 763, 364 N.E.2d at 198.

The defendant also claims that his due process rights were violated by the compelled examination, citing *Rochin* v. *California*, 342 U.S. 165 (1952). The Supreme Court in *Rochin* condemned convictions which were brought about by methods shocking to the conscience and offensive to a sense of justice. *Id.* at 172-73. Here, the defendant has not shown that his conviction was in any way the product of the psychiatric evaluation, and therefore has not shown a due process violation.

■ The defendant also challenges the court's authority to threaten the defendant and his counsel with contempt. Under both the existing criminal rule, V.R.Cr.P. 16.2(g), and at common law, *Andrews* v. *Andrews*, 134 Vt. 47, 49, 349 A.2d 239, 241 (1975), the court possesses the discretion to cite and punish for civil contempt for violation of valid court orders. We find no abuse of that discretion. Although a more preferable method

would be to exclude any testimony offered by the defendant on the issue of insanity as provided in V.R.Cr.P. 12.1(e), we cannot say that the court abused its discretion in threatening contempt.

## II.

Defendant's next series of claims concerns expert testimony offered at trial by both the State's and defendant's psychiatrists. Defendant claims the court deprived him of due process and equal protection when it allegedly allowed the State's expert psychiatrist to testify regarding mental illness while preventing the defense expert from offering his opinion. Further, defendant cites as error the exclusion as irrelevant of testimony regarding defendant's mental condition during the twelve-month period of treatment after the night of the offense and before trial.

The defense expert testified that after meeting with defendant he concluded that defendant's condition could lead to "maladaptive" behavior. Counsel then asked the doctor to describe defendant's condition as if he were speaking to defendant's parents or friends. The doctor then answered:

> Right. Well, I'll relate to the time of my meeting with Mr. Bushey, Senior on January 5th and what I related to him. And that was that I was extremely concerned about Lennie's emotional health, particularly concerned about the level of depression, suicidal behavior. There was some explicit discussion about indications of ongoing psychiatric treatment as well as a recommendation on my part that psychiatric hospitalization be strongly considered were Mr. Bushey to be out of the correctional center.

Responding to an objection that the witness was not answering the question, the court struck the answer and cautioned the jury to disregard it.

The State's expert was called in rebuttal. The state's attorney asked his witness for his definition of mental illness. The witness responded:

> I approach these problems in a very practical way. I say to myself, "If I had been present when this man or this woman behaved in this fashion, and if they continued to behave in this fashion in spite of what I could do to stop it, would I arrange for the individual to be certified to the State Hospi-

tal as a psychiatric person, or would I call a policeman?" To suppress the behavior. If I were made up in my mind to call the policeman, then I would say he's not mentally ill, but he's transgressed the law.

Defendant objected, arguing that the expert violated the court's instructions by offering an opinion regarding defendant's legal sanity.[2] The court overruled the objection.

■ We find no error in the court's evidentiary rulings. The court properly ordered the jury to disregard the defense expert's unresponsive answer. The court did not, as defendant claims, strike the expert's response as violative of the court's instruction. The defense expert's stricken testimony quoted above did not concern the expert's opinion regarding defendant's legal sanity. Further, the State's expert did not, as defendant contends, testify as to his opinion regarding defendant's legal sanity. He merely gave his approach to how he views the issue of defining mental illness. The State's expert's testimony was permissible under the court's instruction. The court did not abuse its discretion in making these evidentiary rulings. See *State* v. *Picknell,* 142 Vt. 215, 230, 454 A.2d 711, 718 (1982) (a discretionary ruling will not be reversed unless such a discretion was abused or withheld).

Defendant also argues that the court erred when it ruled as inadmissible any testimony regarding defendant's mental condition during treatment *after* the night of the offense.

■ In ruling on the admissibility of evidence the trial court possessed a great deal of discretion. *Id.* Admissible evidence must be relevant or have probative value. Further, even if relevant, the evidence is not admissible if the probative value is outweighed by " 'the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' " *State* v. *Bevins,* 140 Vt. 415, 419, 439 A.2d 271, 272 (1981) (quoting Fed. R. Evid. 403). Finally, defendant bears the burden of showing

---

[2] At trial, before either expert witness testified, the court issued an instruction regarding expert testimony on the issue of sanity. The court instructed both experts not to give their opinions whether defendant was sane or insane, or criminally responsible for his actions at the time of the offense. Such a determination would be left to the jury, the court cautioned. As neither party objected to the restrictions imposed by the trial court in this case, we will treat the judge's instructions to the experts as the law of the case. *In re Mecier,* 143 Vt. 23, 27, 460 A.2d 472, 475 (1983).

prejudicial error. *Picknell, supra,* 142 Vt. at 230, 454 A.2d at 718. The defendant has failed to show the court abused its discretion. Any evidence of defendant's mental condition after the events of January 1, 1981, is arguably relevant to whether defendant was sane that night. Nevertheless, we cannot say the court abused its discretion in excluding the testimony, for the probative value of the evidence of post-offense mental condition may have been outweighed by the concerns listed in *Bevins, supra,* 140 Vt. at 419, 439 A.2d at 272. Further, defendant has not shown he suffered prejudice from the alleged error. *Picknell, supra,* 142 Vt. at 230, 454 A.2d at 718.

## III.

■ Defendant claims the trial judge abused his discretion and denied due process by (1) manifesting his belief in the State's witnesses and an antagonism towards the defense, and (2) basing his sentence of defendant on necessarily rejected testimony of a State's witness' testimony. We hold the court did not abuse its discretion or deny defendant due process.

The defendant first points to instances during trial when the judge interrupted defense counsel during his examination of witnesses and during closing argument. An examination of the record does not reveal an "appearance of prejudice which might incline to influence the jury." *State* v. *Hedding,* 122 Vt. 379, 385, 172 A.2d 599, 602 (1961) (citation omitted). "The fundamental question here is whether or not what was done by the trial judge was prejudicial to the respondent. The party alleging abuse of judicial discretion has the burden of showing such abuse." *Id.* at 384, 172 A.2d at 602 (citation omitted). Defendant has failed to show that the judge's interruptions resulted in any prejudice to him.

Next defendant argues his sentence should be vacated and the case remanded for a new sentence. The defendant argues that because the jury acquitted him of the kidnapping charges, it necessarily rejected Mr. Campbell's version of events, but that the judge relied upon Mr. Campbell's version in sentencing because he stated he was surprised the jury didn't convict defendant of kidnapping. However, the judge stated he based the sentence on the simple assault and the totality of the circumstances surrounding it. The sentence imposed was ten to twelve months with six months to serve. The maximum penalty for simple assault is im-

prisonment for one year or a fine of $1,000 or both. 13 V.S.A. § 1023(b) (Supp. 1985).

██ Due process requires a sentence to be based on an activity for which a defendant has been charged and convicted. *State v. Rathburn*, 140 Vt. 382, 388, 442 A.2d 452, 455 (1981). Further, the judge may consider the circumstances surrounding the offense. *In re Morrill*, 129 Vt. 460, 464, 282 A.2d 811, 814-15 (1971). Sentencing is solely the function of the trial court and within its sound discretion. *State v. Arbeitman*, 131 Vt. 596, 599, 313 A.2d 17, 19 (1973). The court in this case sentenced defendant within the limits of the law; defendant has shown no abuse of discretion.

*Affirmed.*